Good morning, Your Honors. Jason Corp here on behalf of Petitioner Appellant Hawes. The certified issue in this case is whether or not the District Court abuses discretion in denying a stay under Ryan Z. Weber. The answer to that question is fairly simple. This Court has reversed this very same District Court judge in a virtually identical ruling based on that District Court's finding that it cannot categorically constitute good cause under Ryan's to argue a cause standard of ineffective assistance of post-conviction counsel or that the good cause is some failing on behalf of post-conviction counsel. It doesn't really have to be an ineffective assistance showing. And this Court found that that systemic per se category of saying that that can never constitute good cause is an abuse of discretion. An erroneous legal ruling is per se an abuse of discretion. So this case should be reversed on that matter. So the State argues that that's not what happened here, that Judge Jones did not apply a per se rule but actually decided it on the merits of the case. What's your response to that? Well, it's pretty plain if the Court looks at excerpts of Record 3 and 4. The ruling that the District Court makes on the Ryan stay is virtually identical to the ruling that this Court addressed in Flake v. Baker. Now the State does make an argument that there's a distinction here because what my client he first filed a pro se petition, this is in State court, which is supplemented by his post-conviction counsel was appointed in State court. And so all of his issues, and the State concedes this in the briefing below, all of his issues were fairly presented to the State District Court. The failing of post-conviction counsel here was whether it was on appeal under the Nevada fast track system where you're only allowed 15 pages, by the way, that he didn't raise all of the claims to the Nevada Supreme Court. And so he lost a bunch of claims in the appeal stage. And the State finds this to be a distinction that has significance. But it cannot in this context because the whole basis for a Ryan stay and what the Court is looking at when deciding whether a Ryan stay is appropriate is whether or not there are some defect in the exhaustion process. Let me ask you a question. I thought the State's or the District Court's ruling was that there are conceded that there is exhaustion. That's an excellent point, Your Honor. And that's my second point, that aside from the fairly easy issue here of whether Blake applies, the more interesting issue is whether or not my client needed to seek a stay at all. And the stay is conceded that he didn't. Let me ask you what we do, given what the State said. Because before they said it was not exhausted, which was true. And so you asked or your client asked for a Ryan stay. If we agree with you, we would send it back to the District Court, presumably for a redo under the correct standard. But at this point, the State says, oh, actually, you know, there wouldn't be procedural default because there's no effective remedy. So we'd be sort of back in District Court under cause and prejudice, right? That's exactly right. So basically, if we just say that there was either because of the State's concession or because there was the wrong standard, the remedy would just send you back to the District Court, and the District Court would sort out from there. Is that right? That's right, Your Honor. And just to elaborate on that, the issue here is, and what the State and Nevada, the Attorney General, consistently gets wrong when they brief the District Court. I would submit that error is even more serious when you're dealing with a pro se litigate, is that exhaustion is not just fair presentation. If you look at 2254B1, there are three different prongs to essentially the concept of exhaustion, fair presentation being only one of them. The second is whether or not there are any adequate and independent, adequate or available remedies in State court. And what this Court held in Russell v. Rolfe's, and what the Supreme Court, Justice O'Connor said in her concurrence in Harris v. Reed, is that the District Court has a duty, an independent obligation to determine whether or not there are adequate remedies left in State court. And in Russell v. Rolfe's, this Court clarified that the State has a duty to tell the court whether or not there are adequate and independent remedies. And here they failed in that duty, and I would submit that that failure of duty to the candor of candor to the tribunal is more serious when you're dealing with a pro se litigate, that their duty to properly inform the District Court of the legal standards is enhanced in that situation. This is true they violated their duty. Then what? And we're no different place, unless you're asking for sanctions. If it's exhausted now, I mean, if everyone agrees it's exhausted, there are no remedies left in the State court, then what do we do other than remand it and say now proceed to all the issues that are before it, now that we agree it's exhausted? That's exactly what I'd be seeking here, Your Honor. But the fact that the State may not have fulfilled its duties is, I don't know what to say, it's interesting, it's maybe deserving of a comment, but it doesn't really affect what we do, does it? I appreciate that, Your Honor, and perhaps I'm unduly wedded to Russell V. Rollips, but I love that opinion. I do, too. I think it's a great opinion. I was on the panel. I have something to do with the opinion. Very good opinion, but I don't think we get this much here. All I do is remand. If the State agrees it's exhausted, if the State doesn't, well, we'll hear that. Do you agree or concede that these unexhausted claims are procedurally barred in State court and were at the time the petition was filed? I would not concede that, Your Honor, because we did not... Then where does that leave us? Well, I would argue that I have a State created, because this hasn't been briefed yet, because it hasn't... That's why I'm asking. I would argue, when I go back to the District Court, I'll argue State created an impediment to exhaustion, because in this case my client, to excuse the default, because my client tried mightily to present all his claims to Nevada Supreme Court. He, in fact, submitted the proceed briefs to Nevada Supreme Court. He wrote repeated letters, which are in my excerpt for records right around page 6 or 2. But that goes to your argument of cause and prejudices. Yes. Yes. So I have arguments to make. All that for down the road. Yes. Okay. Right. But I gather that, I mean, we were starting with the premise that everyone was conceding that these were procedurally barred and therefore exhausted. And I question the premise of that, if you're going to argue actually that they were not... That there was an avenue of exhaustion available at the time the petition was filed. Is that your argument or you think they were procedurally barred and you want to show cause and prejudice? I just want to make sure what your argument is. I would argue that at the time we filed this Federal petition, there are no more Federal — there are no more available State remedies. Okay. I get it. But I want to make this point, if I may, that the State's argument regarding exhaustion, which the District Court bought privately because there was no real meaningful briefing on behalf of the petitioner, are actually wrong. And some of the claims they say were not presented to Nevada Supreme Court actually were. And that would get into the briefing of whether or not there's an independent, adequate default. When I say, well, the Nevada Supreme Court presented it to them, they just failed to address it. And the advantage of having procedural default analysis rather than a Rose v. Lundy dismissal is that it's a claim-by-claim process. So some of the claims, yes, are probably anticipatorily defaulted. Some of the claims are not. Okay. Now, without getting too much in the weeds, on the claims that you're talking about that you claim were not — that there was exhaustion, did your client in his pro se pleadings concede that they were exhausted because he did on many of the claims? Do you know? In his pleadings to the Federal Court? No. State — yeah, to Federal Court. He — no, my client did not concede the question of exhaustion. In fact, he filed a motion for a hearing saying, I am not conceding exhaustion. And the District Court in one of its orders, the order that comes right after the order finding that he wasn't going to give the client a stay, my client filed a motion for reconsideration, said, I'm not conceding exhaustion issue. Well, it's a long — it's a long pleading, but he goes down, it's a checklist, and on many of them he says, no, I didn't exhaust, no, I didn't exhaust, no, I didn't exhaust, no, I didn't — are you talking about ones where he said he did exhaust? Yes. Okay. Some — some — I would concede that some were never fairly presented. Some were — they're all technically exhausted because there are no available State court remedies. I would like to reserve my remaining minute, if I may, for rebuttal. Yes. Thank you. May it please the Court, I am Nevada Deputy Attorney General Dan Roche, and I represent the Respondent, Appalese, in this matter. The State has at no point violated its duty of candor. Prior to Martinez v. Ryans, Nevada's cause and prejudice exceptions and fundamental miscarriage of — fundamental miscarriage of justice exceptions to its State procedural bars mirrored the Federal cause and prejudice exceptions. They were adopted explicitly. So, prior to Martinez, no claims in Nevada were ever anticipatorily defaulted because if a petitioner claimed that he could overcome that default, he was returned to State court to try and make those cause and prejudice arguments to the State courts. Once Martinez was decided, it went further than the Nevada Supreme Court was willing to go, and so now there are cause and prejudice exceptions that don't apply in Nevada, and that is that post-conviction initial review collateral counsel was ineffective for failing to raise a claim. After Martinez, if a petitioner in Nevada challenging a Nevada conviction in Federal court wants to apply an anticipatory default of his claims, he has to concede that he has no cause and prejudice arguments other than Martinez. And if he doesn't do that, he needs to go to State court and litigate those. And so the argument that we violated our duty of candor by not arguing anticipatory default in the petitioner's favor is just incorrect because we would have had to argue that he is conceding all of his potential cause and prejudice arguments, and he didn't do that. Petitioner's counsel is violating his duty of candor by making this argument. I mean, that's sorry. No. No, go ahead. I mean, they're violating their duty of candor by misrepresenting the legal history in which these claims arose. Well, I think, you know, sometimes when the people say duty of candor, everybody gets a little excited about it. But really what I'm more interested in is what, in your briefing to the district court, you went through very thoroughly and you said to the district court, he could conceded this was unexhausted, he conceded this, we think this is unexhausted, and so forth. Did you go take a step further and say, we also think that this claim is procedurally barred? No. And I gather that's probably a matter of course. You don't usually do that. Unless they want to argue in their opposition to the motion to dismiss that their claims are anticipatorily defaulted, we wouldn't address that issue at all. And you didn't affirm it. And he didn't. You didn't do what they did in Rawls, which was to say he definitely can go back and he has an adequate remedy. You didn't make that Rawls representation. No, we didn't. And that's the real crux of this issue, is the idea that in light of Blake v. Baker, the district court abuses discretion in this case, Blake v. Baker specifically held that it doesn't make sense for a cause for a State to be more difficult to obtain than cause to overcome a procedural default. And so, therefore, they held that if Martinez v. Orion's initial review collateral counsel is cause to overcome a procedural default, it should also provide cause to overcome, cause for Orion's stay. Now, if you want to follow that logic, Martinez v. Orion specifically excluded ineffective assistance of post-conviction appellate counsel from what would overcome cause for procedural default. And, therefore, there's no reason for this district court to grant a stay to go back to State court, have claims defaulted, and then return to Federal court where your arguments can't overcome the default. So if he wants to argue technical exhaustion in this context, an anticipatory default, his claims simply just have to be dismissed as procedurally defaulted because under Martinez v. Orion, he can't overcome the default when he returns to Federal court. And so it makes no sense. This case is clearly distinguishable from Blake v. Baker on that basis. Well, and I guess we're talking in a sense about best practices and others, but would it, if you had included a paragraph that said, and it doesn't make any difference because all these claims are procedurally barred now, exhaustion would be futile, that would at least put him on notice that maybe he ought to be taking a different tack on it. We, I guess that's possible. The problem is we don't know what the cause and prejudice arguments are that he would make. So they might have merit. No, but, you know, all you would have to say to put him on notice in response is to say, and sending it back to State court would be futile because all these unexhausted claims are now procedurally barred. I mean, that's just two sentences. That's making an assertion that we can't make until we know what his cause and prejudice arguments are. Well, you can, I mean, you can qualify. I often do say it's likely that if he returns to State court, his claims will be procedurally defaulted. But I can never say they for sure will be because I don't know what his arguments will be. It's a question of notice because we get, we seem to get a lot of cases up here where we find ourselves in a circumstance where the pro se litigant doesn't understand that the State is going to take the position that these claims are procedurally barred. So he wants to go back to the State court. He doesn't think they're procedurally barred. He doesn't know that the State's going to take that position. And actually it would save everybody a lot of time if you just put in a couple of sentences saying the State believes that these, that exhaustion, returning to State court would be futile because absent cause and prejudice, these claims are procedurally barred. Well, let's assume we did that and he was on notice. What would he do other than ask us for a State? He would then say, in that case, my claims are technically exhausted because they're No, he would argue, he would make his cause and prejudice arguments, which you could address on the merits. And what I'm saying now is that pursuant to Blake v. Baker and Martinez v. Urion, he would make his cause and prejudice arguments. I'm just saying we see a lot of these kind of cases and it seems to, we seem to chew up a lot of time on it. What would chew up a lot of time is remanding this case when a petitioner can't show cause and prejudice to overcome his default if he returns to State court. That's why extending Blake v. Baker beyond Martinez v. Urion makes no sense because that would simply be dilatory. It would just waste time while they go to State court for a few years, come back, and ultimately their claims are dismissed because they can't satisfy Martinez. And that's the situation that this particular petitioner is in. And so for that reason, it wouldn't make any sense to grant him any relief. The district court didn't just abuse his discretion. The district court was the one reversed by Blake v. Baker, knew of Blake v. Baker when it granted the COA in this case. And it recognized that it wasn't going to change its ruling based on Blake v. Baker, but in an abundance of caution, it granted a certificate of appealability so this Court could review that. So how do you distinguish Blake v. Baker in this context? The fact that all of Mr. Hawes' claims were raised in the district court. Initial review collateral counsel presented all these claims to State court and satisfied Martinez. This is a claim that initial review appellate counsel failed to exhaust the claims by presenting them to the State supreme court. And that's expressly exempted from Martinez. By its express language, Martinez says this ruling doesn't extend to those kind of claims. And so, and honestly, it doesn't make sense to, Blake v. Baker made sense that cause for a Ryan stay shouldn't be more difficult than cause to overcome a default. Right. But at the same time, it doesn't make sense to make cause for a Ryan stay easier than cause to overcome a default, because what you'll end up with is situations where you're going to grant stays for claims that will take years to litigate in State court. And then they'll come back to Federal court and all those will be dismissed because there isn't cause to overcome those defaults. I guess that was the question. So they should be courted. Open in Blake? Yeah. The question with Blake was, in light of Martinez, should we hold that ineffective assistance of initial review collateral counsel provides cause for a Ryan stay? Right. And I'm, our position is that having them be coextensive makes sense because if you're going to go back to State court, they should be able to, when they get back from State court, overcome their default. If there's no potential for those claims to go back to State court, be defaulted, and then come back and overcome the procedural default, then all you did was waste time while those claims were eventually dismissed. And you could just dismiss them at the time and not grant a stay at all, which is the situation we're in here. I mean, that's clearly the way to distinguish Blake v. Baker versus this case. Any further questions? Thank you, counsel. Thank you. First thing is the Supreme Court in Martinez v. Ryan did not foreclose the opportunity to argue ineffective assistance of post-conviction counsel on appeal, just didn't address that issue. Different. Secondly, when the State seeks a Rose v. Lundy dismissal, which they did in this case, they are saying to the district court, by the basis of that argument, that the claims were not fairly presented and there are no adequate remedies. And there are. Excuse me. I said that wrong. And there are adequate remedies. So when they say, when they move the court, as they did in this case for Rose v. Lundy dismissal, they are telling the court he has remedies. They didn't say it explicitly, but it's embedded in the argument. So that is the problem here, and that's what created the whole problem in this case. If the State had come in and argued anticipatory fault like this Court suggested, it could have gone in a different direction. And I can say in my last three minutes, seconds, that I have a lot of arguments about So it would not be futile. Thank you very much. Thank you, counsel. Thank you both for your arguments today. The case is adjourned. It will be submitted for decision.
judges: Thomas, Reinhardt, McKeown